UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL C. RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 14-1409 |
| | ) |
| JEFFREY STANDARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

<u>MERIT REVIEW ORDER</u>

This cause is before the court for a video merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a pretrial detainee in custody at the Tazewell County Jail, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated while he was housed at the Fulton County Jail. The plaintiff claims that on September 26, 2014, Jail Administrator Douglas Lafary had the shower curtains removed because of complaints about black mold. On October 2, 2014, new shower curtains were installed. In the interim, prisoners showered nude in clear view of one another and the guards. There was a security camera in the shower area which allegedly videotaped prisoners in the nude. The plaintiff stated he was a former victim of sexual abuse and that the public nudity which resulted caused him psychological harm and "promoted sexual assault". He does not claim, however, that he or anyone else was sexually assaulted as a result.

The plaintiff requests monetary damages and injunctive relief in the form of psychiatric evaluation and the destruction of all of the videotapes. Plaintiff's request for injunctive relief is denied. The Seventh Circuit has repeatedly stated that, "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.,* 549 F.3d 1079, 1085 (7th Cir. 2008). A party seeking the injunction has the burden to prove that he will suffer irreparable harm during the time prior to final resolution of his claims, the inadequacy of legal remedies available, and some likelihood of success on the merits. *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 895 (7th Cir.

2001). In this case, the plaintiff both has an adequate legal remedy and has not alleged that he will suffer irreparable harm if injunctive relief is not granted. Plaintiff also fails to state a conditions of confinement claim for the lack of shower curtains. It is generally held that guards' monitoring of naked prisoners is not a constitutional infringement. *Johnson v. Phelan,* 69 F.3d 144, 147 (7th Cir. 1995); (A pre-trial detainee's conditions of confinement claim arises from Fourteenth Amendment substantive due process and is reviewed under the Eighth Amendment standard of "cruel and unusual punishment"). *Id.* At 149. Here, the plaintiff alleges that the curtains were removed in response to complaints of black mold and replaced seven days later. As a result he fails to sufficiently allege that defendants' actions constituted the "unnecessary and wanton infliction of pain…" *Id.* At 147. The plaintiff's complaint is dismissed as frivolous under § 1915A.

IT IS THEREFORE ORDERED that:

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the court's prior order.

4. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set

forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 14th day of November, 2014.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE